IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| RICHARD STOGSDILL, *et al.*, on behalf of themselves and other similarly situated persons | ) ) ) ) | |
| Plaintiffs-Appellants | ) ) | |
| v. | ) ) | No. 17-1880(L) |
| ANTHONY KECK, *et al.*, | ) ) ) | |
| Defendants-Appellees | ) ) | |

**FEDERAL DEFENDANTS-APPELLEES' UNOPPOSED
MOTION TO FILE SEPARATE BRIEF**

The federal defendants-appellees[1] respectfully move for leave to file a separate appellees' brief in the above-captioned appeal. This motion is unopposed.

A. Plaintiffs are Medicaid beneficiaries with disabilities or the parents of Medicaid beneficiaries who received a variety of personal care, respite care, and other services in their home or other community setting through South Carolina's Medicaid program. The Medicaid program, established by Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*, is a cooperative program between the federal government and

---

[1] Pursuant to Fed. R. App. P. 43(c)(2), Alex M. Azar II, the current Secretary of Health and Human Services, is automatically substituted for Kathleen Sebelius as a federal-defendant appellee; and Timothy Hill, the current Acting Director for the Center for Medicaid and CHIP Services, is automatically substituted for Cynthia Mann.

the States to provide medical assistance to families with children, and aged, blind or disabled persons "whose income and resources are insufficient to meet the costs of necessary medical services." 42 U.S.C. § 1396-1. Plaintiffs sued both state and federal officials for alleged violations of federal law relating to South Carolina's Medicaid program.

Plaintiffs sought injunctive relief under the Administrative Procedure Act (APA) against the federal defendants based on allegations that federal officials failed to perform their duties with respect to management and oversight of South Carolina's Medicaid program. Amended Complaint, R16 at 42-44. Plaintiffs also asserted claims against the South Carolina state defendants under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the Medicaid statute, the South Carolina Administrative Procedure Act, and 42 U.S.C. § 1983. *Id.* at 40-41, 45-59.

B. The district court granted the federal defendants' motion to dismiss for lack of subject matter jurisdiction. R42. The court held that held that "the limited waiver of sovereign immunity under the APA is inapplicable here," because the actions challenged by plaintiffs were committed to the Secretary's discretion and because a federal agency's decision not to take enforcement action is presumed to be immune from judicial review. *Id.* at 12-13. The court further ruled that plaintiffs failed to establish that they were seeking review of a "final agency action" as required under

the APA. *Id.* In separate subsequent orders, the court resolved the remaining claims against the state defendants on independent legal grounds.

C. The federal defendants respectfully request leave to file a separate appellees' brief. The Department of Justice is charged with representing the interests of the United States. *See* 28 U.S.C. §§ 517, 518, 519. The arguments to be made by the federal defendants must be within the exclusive control of attorneys for the United States. Separate briefs are particularly warranted here, since the district court dismissed plaintiffs' claims against the federal defendants in a separate order on legal grounds independent from those upon which the court resolved plaintiffs' claims against the state defendants.

We also ask that the federal defendants' appellees' brief be considered separately for purposes of compliance with Federal Rule of Appellate Procedure 32(a)(7)(B)(i). Because plaintiffs' claims against the federal defendants raise distinct legal issues from plaintiffs' claims against the state defendants, allowing separate briefs in this case will not cause unnecessary duplication of arguments.

D. Ms. Patricia Harrison, counsel for plaintiffs-appellants, and Mr. Damon Wlodarczyk, counsel for the state defendants-appellees, have authorized us to represent that they do not oppose this motion.

Respectfully submitted,

 /s/ Stephanie R. Marcus
Alisa B. Klein 202-514-1597
Stephanie R. Marcus 202-514-1633
Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W. Room 7639
Washington, DC 20530-0001

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(A), and the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E). The word processing program (Microsoft Word 2010) used to prepare the motion reports that the motion is 612 words long. The motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 with Garamond, 14 point font.

                               /s/ Stephanie R. Marcus
                                  Stephanie R. Marcus

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2018, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the CM/ECF system. I further certify that on this 16th day of February, 2018, I served the foregoing Status Report on counsel of record for the parties by electronic service via the CM/ECF system.

                                                  s/ Stephanie R. Marcus
                                                  Stephanie R. Marcus